UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

**HENRY LEE THADEUS STAPLETON,**

    **Petitioner,**

v.                                  CIVIL ACTION NO. 4:12cv62
                                        [ORIGINAL CRIMINAL NO. 4:10cr16-002]

**UNITED STATES OF AMERICA,**

    **Respondent.**

## OPINION AND FINAL ORDER

This matter comes before the court on the petitioner's, Henry Lee Thadeus Stapleton's ("Stapleton"), motion to vacate, set aside, or correct his sentence pursuant to Title 28, United States Code, Section 2255 ("Motion"). For the reasons set forth below, the court **GRANTS** the petitioner's Motion.[1]

### I. FACTUAL AND PROCEDURAL BACKGROUND

Stapleton and three co-defendants, Anthony Lee Wainwright, Jr. ("Wainwright"), Michael Johnson, Jr. ("Johnson"), and Marvin Lionel Dunn ("Dunn"), conspired to commit armed robbery of a Hardee's Restaurant in Newport News, Virginia. On the morning

---

[1] The court determined that there are no material facts in dispute and that the Motion, files, and records of the case conclusively show that the petitioner is entitled to relief. Accordingly, the court did not hold an evidentiary hearing. See United States v. White, 366 F.3d 291, 297 (4th Cir. 2004) (citing Blackledge v. Allison, 431 U.S. 63, 80-81 (1977)).

of September 8, 2007, Wainwright and Stapleton entered the Hardee's, demanded money, and took at least $135.00 in cash from various locations around the restaurant. Wainwright was armed; Stapleton was not. As they were leaving, the scarf covering Wainwright's face slipped down. Concerned that Diane Green, a Hardee's employee, recognized him from church, Wainwright shot her. The same bullet struck another employee, Dwayne Davis. While Davis survived, Green did not. Johnson drove the getaway vehicle and later threatened a witness in the case. Dunn supplied the gun, rode in the getaway car, and disposed of the gun afterward.[2]

On January 13, 2010, a federal grand jury returned an Indictment against Stapleton, Wainwright, and Johnson. A separate Criminal Information was filed on December 31, 2009, against Dunn, in case 4:09cr97.[3] A Superseding Indictment was filed in open court on October 15, 2010, as to Wainwright, Stapleton, and Johnson. On January 10, 2011, Stapleton pled guilty to Count 2 (Interference with Commerce by Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2), Count 4 (Discharge of

---

[2] These are the basic facts as shown through the agreed Statement of Facts filed in the case as to Dunn (filed on January 7, 2010), Stapleton (filed on January 10, 2011), and Johnson (filed on April 12, 2011), and the evidence presented to the jury in the trial of Wainwright. See infra note 4.

[3] Dunn's case was assigned to Senior United States District Judge Robert G. Doumar. See infra note 4.

a Firearm During a Crime of Violence, in violation of 18 U.S.C. §§ 924(c) and 2), and Count 6 (Murder with a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(j) and 2) of the Superseding Indictment. A Second Superseding Indictment was filed in open court on March 8, 2011, as to Wainwright and Johnson.[4]

---

[4] Johnson and Dunn also both pled guilty. Johnson pled guilty to Count 1 (Conspiracy to Obstruct, Delay and Affect Commerce by Robbery, in violation of 18 U.S.C. § 1951(a)), Count 4 (Discharge of a Firearm During a Crime of Violence, in violation of 18 U.S.C. §§ 924(c) and 2), Count 6 (Murder with a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(j) and 2), and Count 9 (Retaliating Against a Witness, in violation of 18 U.S.C. § 1513(b)) of the Second Superseding Indictment. Ultimately, Johnson was sentenced by this court on July 22, 2011, to 420 months of imprisonment, with the court vacating Johnson's conviction on Count 4 for the purpose of sentencing. See infra at 4-5.
 Dunn pled guilty to Count 1 (Interference with Commerce by Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2) and Count 2 (Discharge of a Firearm During a Crime of Violence, in violation of 18 U.S.C. §§ 924(c) and 2) of the Criminal Information filed in case 4:09cr97. Dunn was sentenced by Senior United States District Judge Robert G. Doumar on April 19, 2010, to 360 months of imprisonment. Dunn's sentence was later reduced by a Sealed Order dated January 31, 2012.
 Wainwright went to trial, at which a jury found him guilty of Count 1 (Conspiracy to Obstruct, Delay and Affect Commerce by Robbery, in violation of 18 U.S.C. § 1951(a)), Count 2 (Interference with Commerce by Robbery, in violation of 18 U.S.C. §§ 1951(a) and 2), Count 3 (Possession of a Firearm by a Convicted Felon, in violation of 18 U.S.C. § 922(g)(1)), Count 4 (Discharge of a Firearm During a Crime of Violence, in violation of 18 U.S.C. §§ 924(c) and 2), Count 5 (Brandishing of a Firearm During a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 2), Count 6 (Murder with a Firearm in Relation to a Crime of Violence, in violation of 18 U.S.C. §§ 924(j) and 2), and Count 7 (Killing of a Witness to Prevent Communication to Law Enforcement, in violation of 18 U.S.C. § 18 U.S.C. 1512(a)(1)(C)) of the Second Superseding Indictment. On

This court sentenced Stapleton on May 12, 2011, to a total of 480 months imprisonment. This sentence consisted of 240 months on Count 2; 360 months on Count 6, to run concurrently with Count 2; and 120 months on Count 4, to run consecutive with Counts 2 and 6. Ex. A to Mot.

Stapleton's co-defendants, Wainwright and Johnson, were both also convicted of Counts 4 and 6, among other counts.[5] However, prior to their sentencings on July 22, 2011, the court, upon reviewing United States v. O'Brien, 130 S. Ct. 2169 (2010), concluded that Count 4 is a lesser included offense of Count 6 because the elements and facts of Count 4 (§ 924(c)) are fully contained within Count 6 (§ 924(j)). Because one is a lesser included offense of the other, separate punishments are not permitted. See Blockburger v. United States, 284 U.S. 299 (1932). The United States filed a memorandum to this effect (Ex. F to Mot.), and, accordingly, the court vacated Johnson's conviction on Count 4 and vacated Wainwright's conviction on Count 4 for the purpose of sentencing. Exs. G, H to Mot. As a

---

June 17, 2011, by court order, Wainwright's conviction on Count 7 was vacated and dismissed. United States v. Wainwright, 793 F. Supp. 2d 797 (E.D. Va. 2011); see United States v. Wainwright, 789 F. Supp. 2d 699 (E.D. Va. 2011). Wainwright was sentenced by this court on July 22, 2011, to a term of life imprisonment plus 84 months. His conviction on Count 4 was vacated for the purpose of sentencing. See infra at 4-5.

[5] See supra note 4.

result, the court did not sentence either Wainwright or Johnson on Count 4. Id.

Concerned that Stapleton was treated differently than his co-defendants in this regard, the court sent a letter on September 2, 2011, to the Assistant United States Attorney and to Stapleton's counsel, Jennifer Stanton ("Stanton"), suggesting that Stanton file a § 2255 on Stapleton's behalf to request relief on the sentence on Count 4, and suggesting that an agreed order granting such relief could be submitted to the court. Ex. I to Mot. On May 1, 2012, Stapleton filed, with the assistance of Stanton, the instant Motion. The United States responded on July 2, 2012. Stapleton did not reply to the government's response, and the matter is now ripe for review.

## II. DISCUSSION

A prisoner may challenge a sentence imposed by a federal court if: 1) the sentence violates the Constitution or laws of the United States; 2) the sentencing court lacked jurisdiction to impose the sentence; 3) the sentence exceeds the statutory maximum; or 4) the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

Based on the court's examination of the matter, as well as the agreement of the parties, the court is satisfied that Stapleton's sentence on May 12, 2011, was imposed in violation of the Double Jeopardy Clause of the Fifth Amendment. See U.S.

5

Const. amend. V; <u>Blockburger</u>, 284 U.S. 299. Stapleton was sentenced to two separate, consecutive terms of imprisonment on Counts 4 and Count 6, even though Count 4 is a lesser included offense of Count 6, and, therefore, separate punishments are not permitted. Accordingly, the court **VACATES** Stapleton's conviction on Count 4, his sentence of 120 months of imprisonment on that count, his 5 year term of supervised release on that count, and his special assessment of $100 on that count. With the exception of Count 4, Stapleton's sentence remains in effect in full.

The United States urges the court to resentence Stapleton to 480 months on Count 6. Resp. at 8-10.[6] However, the court is thoroughly familiar with Stapleton's role in the criminal activity at issue, his Presentence Report, and the sentencing factors under 18 U.S.C. § 3553 as applied to him. Consequently, the court finds that a sentence of a total term of 360 months

---

[6] The end result of a successful § 2255 proceeding is the vacatur of the prisoner's unlawful sentence and one of the following: (1) the prisoner's release, (2) the grant of a new trial, or (3) a new sentence, imposed by either a corrected sentence or resentencing. <u>United States v. Hadden</u>, 475 F.3d 652, 661 (4th Cir. 2007). As such, the district court is authorized to conduct a resentencing in awarding relief pursuant to § 2255 but is not required to do so. <u>Id.</u> at 668. Here, the court exercises its discretion by electing to correct Stapleton's sentence rather than resentence him. The court does so by vacating the 120-month term on Count 4. Stapleton's concurrent sentences of 240 months on Count 2 and 360 months on Count 6 remain intact and unchanged.

imprisonment is sufficient, but not greater than necessary, for defendant Stapleton.

Specifically, the United States suggests that Stapleton was more culpable, and his criminal activity more significant, than co-defendants Johnson and Dunn. As a result, the United States argues that Stapleton should be resentenced to more than Dunn's original 360-month sentence, which has since been reduced,[7] and to more than Johnson's 420-month sentence.[8] However, Stapleton had a lower offense level than both Johnson and Dunn and had a lower criminal history category than Johnson. Stapleton also did not receive an enhancement for obstruction of justice, as did both Johnson and Dunn. Additionally, Johnson also pled guilty to threatening a witness in this case and to committing

---

[7] See supra note 4.

[8] See supra at 1-2 for a summary of the basic facts and roles of the four co-defendants. Moreover, while not argued by the United States, the court notes that Wainwright, not Stapleton, actually carried the gun into the Hardee's Restaurant and shot and killed Ms. Green and injured Mr. Davis. Wainwright also had a criminal history category VI, as compared to Stapleton's criminal history category I, and Wainwright was convicted by the jury on seven counts of the Second Superseding Indictment, two of which were later vacated by this court. See supra at 4-5 (the court vacated Wainwright's conviction on Count 4 for the purpose of sentencing); supra note 4 (the court vacated Wainwright's conviction on Count 7). Moreover, Stapleton pled guilty and accepted responsibility for his crimes in this case. His only other criminal conviction, or criminal history whatsoever outside of this case, was a misdemeanor conviction in 2007 for having an unlicensed motorcycle. Unlike his co-defendants, he had no juvenile record and no adult record other than the one misdemeanor in 2007.

armed robbery of a Miller Mart on a separate occasion (with Dunn). For the armed robbery of the Miller Mart, Johnson pled guilty to Count 1 (Conspiracy to Obstruct, Delay and Affect Commerce by Robbery, in violation of 18 U.S.C. § 1951(a)) of the Indictment in case 4:10cr42. Johnson was sentenced on November 2, 2011, by Senior United States District Judge Robert G. Doumar, to 78 months of imprisonment in case 4:10cr42, to run concurrently with the sentence imposed in this case 4:10cr16. For all of these reasons, the court does not agree with the United States regarding Stapleton's relative culpability and a resentence of 480 months on Count 6.

### III. CONCLUSION

The petitioner's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 is **GRANTED**, and Stapleton's conviction and sentence on Count 4 is **VACATED**. In all other respects, the court's Judgment Order of May 12, 2011, remains the same and in full force and effect.

The Clerk is **DIRECTED** to send a copy of this Opinion and Final Order to the petitioner and his counsel, the Assistant United States Attorney at Newport News, the United States Probation Office at Newport News, and the Bureau of Prisons.

**IT IS SO ORDERED.**

Newport News, Virginia
August \6 , 2012

/s/ RBS
Rebecca Beach Smith
Chief
United States District Judge

8